UNITED STATES DISTRICT COURT　　　　　　　　　　O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

PEDRO RUBEN ESCOBEDO-URBINA　§
　　　　　　　　　　　　　　　　§
　　　Petitioner　　　　　　　　　§
VS.　　　　　　　　　　　　　　§　CIVIL ACTION NO. L-09-102
　　　　　　　　　　　　　　　　§　CRIMINAL NO. L-08-1672-8
UNITED STATES OF AMERICA　　　§

**OPINION AND ORDER**

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 and Application to Proceed *in forma pauperis*, filed by Pedro Ruben Escobedo-Urbina ("Escobedo-Urbina") on September 18, 2009. [Dkt. Nos. 1, 3]. For the reasons set forth herein, the Court will **DISMISS with prejudice** the Motion and **DENY as moot** the Application.

I.　BACKGROUND

　A.　**Facts and Procedural History**

On October 28, 2008, a federal grand jury in Laredo, Texas returned a nine-count superseding indictment against Escobedo-Urbina, charging, in part, re-entry into the United States while an order of deportation was outstanding. [Cr. Dkt. No. 76]. Escobedo-Urbina subsequently decided to forego trial and pled guilty to Count Nine of the superseding indictment before United States Magistrate Judge Scott Hacker, pursuant to a written plea agreement. [Cr. Dkt. No. 123]. Count Nine specifically charged that, as an alien who had previously been denied admission, excluded, deported, and removed, and had departed the United States while an order of exclusion, deportation and removal was outstanding, Escobedo-Urbina was found in the United States, having not obtained the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission into the United

States on or after March 1, 2003, in violation of Title 8, United States Code, Section 1326. [Cr. Dkt. No. 76].

As noted in his plea agreement, Escobedo-Urbina agreed to waive his right to collaterally attack his sentence and conviction. [Cr. Dkt. No. 123]. In pertinent part, his agreement states as follows:

> [T]he defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

[*Id*. at ¶ 7]. In addition to his plea agreement, Escobedo-Urbina signed an addendum, in which he represented that he read and carefully reviewed every part of his plea agreement with his defense counsel, that he understood the agreement, and that he voluntarily agreed to its terms. [Cr. Dkt. No. 123]. During his re-arraignment before Magistrate Judge Hacker, Escobedo-Urbina was placed under oath, and represented that he understood the charges against him, [Digital Recording of December 5, 2008 Re-arraignment ("R.Rec.") at 3:46 p.m.], and that he understood he was waiving his right to collaterally attack his sentence. [R.Rec. at 3:52 p.m.]. After Judge Hacker informed Escobedo-Urbina as to his rights and ensured that he understood the consequences of his plea, in compliance with Federal Rule of Criminal Procedure 11, Escobedo-Urbina pled guilty. [R.Rec. at 4:11 p.m.]. This Court subsequently accepted his plea. [Cr. Dkt. No. 163].

Thereafter, the Court sentenced him to 51 months imprisonment, three years of supervised release, and also ordered that he pay a $100 assessment fee. [Cr. Dkt. No. 214]. The Court entered Judgment on March 2, 2009.

    **B.**    **The Pending Motion**

On September 18, 2009, Escobedo-Urbina filed the pending Motion under 28 U.S.C. § 2255, as well as a supporting brief. [Dkt. Nos. 1-2]. Additionally, he filed an Application to Proceed *in forma pauperis*. [Dkt. No. 3]. Escobedo-Urbina presents three grounds for relief. First, he asserts that he was denied effect assistance of counsel because his defense counsel did not argue that he was entitled to a downward departure "[b]ased in the disparity created by the fast track program." [Dkt. No. 1]. Second, he argues that "[c]ounsel provided ineffective assistance in the plea agreement when [he] failed to request a written agreement that petitioner should be sentenced below the guidelines." [*Id*.]. Third, he contends that his "[c]ounsel provided ineffective assistance of counsel when [he] failed to argues (sic) in the sentencing hearing that the advisory guidelines was somewhat [greater] than necessary to satisfy the purpose of the sentencing." [*Id*.].

## II.    DISCUSSION

Escobedo-Urbina has alleged ineffective assistance of counsel, a claim of constitutional proportion which is proper in a motion under 28 U.S.C. § 2255. However, the Court must first determine whether such claim is foreclosed by Escobedo-Urbina's waiver of his right to collaterally attack his conviction and sentence.

It is well-established that a defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary. *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th

Cir. 1997). A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544. A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence. *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court."). In limited circumstances, a defendant may plead around a waiver and claim ineffective assistance of counsel if he alleges that the waiver itself was tainted by counsel's ineffective assistance. *White*, 307 F.3d at 339-43.

      Here, it is apparent that Escobedo-Urbina knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. The Fifth Circuit notes that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Garcia*, 983 F.2d 625, 627 (5th Cir. 1993). Moreover, the requirement that a waiver be knowing and voluntary is not a requirement that a court ensure that the defendant's knowledge is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea." *Boyd*, 2007 WL 900949, at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002); *Garcia*, 983 F.2d at 627-28). Here, Judge Hacker admonished Escobedo-Urbina as to the terms of his waiver and also determined that Escobed-Urbina understood the consequences of his plea. Judge Hacker also informed Escobedo-Urbina as to the maximum penalty in his case, [R.Rec. at 4:04 p.m.], which Escobed-Urbina represented that he understood. [*Id*.]. And Escobedo-Urbina represented that his decision to enter a plea was free and voluntary. [R.Rec. at 3:59 p.m.]. At no point did

Escobedo-Urbina express doubt or confusion as to the ramifications of his waiver. Furthermore, in the addendum to his plea agreement, Escobedo-Urbina represented that he understood his plea agreement and voluntarily agreed to its terms, including the waiver of his right to collaterally attack his sentence.

When a petitioner does not allege, and the record contains no indication that ratification of the plea agreement was involuntary or unknowing, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver was ineffective. *See White*, 307 F.3d at 343; *Bond*, 414 F.3d at 544 (citing *McKinney*, 406 F.3d at 746); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994) (stating that a plea agreement will be upheld where the record clearly demonstrates defendant read and understood agreement and he raised no questions regarding any waiver-of-appeal issue). Therefore, based upon the plain waiver language of Escobedo-Urbina's plea agreement, the Court concludes that Escobedo-Urbina knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. See *Bond*, 414 F.3d at 544; see also *United States v. Wilkes*, 20 F.3d 651, 653-54 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). The Court next concludes that the terms of his plea agreement extend to his pending Motion. *See id.* In no uncertain terms, Escobedo-Urbina validly agreed not to file a petition pursuant to 28 U.S.C. § 2255. Therefore, the Court ma not consider the pending Motion. Because Escobedo-Urbina is clearly not entitled to relief, his petition will be dismissed pursuant to Rule 4 governing proceedings under 28 U.S.C. § 2255.

### III.   CONCLUSION

Escobedo-Urbina's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. [Dkt. No. 1]. While Escobedo-Urbina has

moved to appear *in forma pauperis*, [Dkt. No. 3], such application is unnecessary, and is **DENIED as moot**. *See* 28 U.S.C. § 2255 Rule 3, advisory committee's notes ("There is no filing fee required of a movant under these rules."). Should he seek one, a certificate of appealability is **DENIED**. A separate final judgment shall issue.

    IT IS SO ORDERED.

    SIGNED this 14th day of October, 2009, in Laredo, Texas.

                                                                  _____
                                                                            Micaela Alvarez
                                                               UNITED STATES DISTRICT JUDGE